IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI



FILED
3/24 2004
PAT BRUNE, CLK.
U.S. DISTRICT COURT
WEST DISTRICT
OF MISSOURI
CH

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 04-0086-CV-W-SOW |
| v. ) | |
| ) | |
| WAL-MART STORES, INC. ) | CONSENT DECREE |
| SAM'S WEST, INC. AND ) | |
| SAM'S EAST, INC., ) | |
| ) | |
| Defendants ) | |
| ) | |

WHEREAS Plaintiff United States of America, on behalf of the United States

Environmental Protection Agency ("EPA"), has filed a complaint in this action alleging that

Defendants Wal-Mart, Stores, Inc., Sam's West, Inc., and Sam's East, Inc. (hereinafter

collectively "Defendants") violated Sections 608 and 609 of the Clean Air Act, 42 U.S.C.

§§ 7671g, 7671h, and certain of the regulations thereunder;

WHEREAS Defendants own and operate retail stores throughout the United States under

the name of "Sam's Club." Sam's Clubs have sold class I and class II substances. These

substances are listed pursuant to Section 602 of the Clean Air Act, 42 U.S.C. § 7671a, at 40

C.F.R. Pt. 82, Subpt. A, Appendices A and B. Sections 608 and 609 of the Clean Air Act and the

regulations thereunder impose restrictions and limitations on the sale and distribution of class I

and class II substances because these substances are known to destroy stratospheric ozone if

released into the atmosphere, and thus to pose a threat to the environment and public health;

WHEREAS the Complaint against Defendants alleges twenty instances since 1998 that

Sam's Clubs have sold class I and class II substances in violation of Sections 608 and 609 of the

Clean Air Act and its implementing regulations, 42 U.S.C. §§ 7671g, 7671h. The United States has not alleged in the Complaint that these sales resulted in the release of such substances into the atmosphere;

WHEREAS Wal-Mart Stores, Inc. is the parent company of Defendants and was previously a party to administrative consent decrees regarding the sale of class I and class II substances;

WHEREAS Defendants have agreed to discontinue selling class I and class II controlled substances in order to facilitate their compliance with Sections 608 and 609 of the Clean Air Act; and

WHEREAS the Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, before the taking of any testimony, without the adjudication or admission of any issue of fact or law except as provided in Section II, below, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I. GENERAL

1.    The objectives of this Consent Decree are to settle the claims asserted in the Complaint and to ensure Defendants' compliance with Sections 608 and 609 of the Clean Air Act, 42 U.S.C. §§ 7671g and 7671h and the regulations thereunder.

2.    Defendants do not admit any liability to the United States arising out of the transactions or occurrences alleged in the Complaint.

2

## II. JURISDICTION AND VENUE

3.     This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and the Clean Air Act, 42 U.S.C. § 7401 *et seq.* pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b)(2) and over the Parties.

4.     Venue lies in this district under Section 113 of the CAA, 42 U.S.C. § 7413(b), and under 28 U.S.C. §§ 1391(b) and (c) because some of the violations alleged in the Complaint are alleged to have occurred in this judicial district. For purposes of this Decree, the Parties do not contest the Court's jurisdiction over this action or over the Parties and do not contest venue in this judicial district.

5.     For purposes of this Consent Decree, and without admission of liability, Defendants agree that the allegations of the Complaint state claims upon which relief may be granted pursuant to Section 113 of the Clean Air Act, 42 U.S.C. § 7413.

6.     Notice of the commencement of this action has been given to the states in which the violations alleged in the Complaint occurred as required by Section 113 of the CAA, 42 U.S.C. § 7413(b).

## III. APPLICABILITY

7.     The obligations of this Consent Decree apply to and are binding upon the Parties, their agents and corporate successors and affiliates.

8.     Defendants shall be jointly and severally liable for compliance with this Consent Decree and for payment of the civil penalty and any stipulated penalties, interest and costs that accrue under this Consent Decree.

3



## IV. DEFINITIONS

9.      Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in the Clean Air Act or in regulations promulgated pursuant to the Clean Air Act, shall have the meaning assigned to them in the CAA and such regulations. Whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

a.      "Class I" or "Class II" substances shall mean those substances that are listed by EPA pursuant to Section 602 of the CAA, 42 U.S.C. § 7671a (currently listed at 40 C.F.R. part 82, Subpart A, Appendices A and B) or that may be so listed at anytime while this Decree is in effect;

b.      "Complaint" shall mean the complaint filed by the United States in this action;

c.      "Consent Decree" shall mean this Decree;

d.      "Day" shall mean a calendar day unless expressly stated to be a working day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day;

e.      "Defendants" shall mean Wal-Mart Stores, Inc. Sam's West, Inc., and Sam's East, Inc.;

f.      "Effective Date" shall mean the date of entry of this Consent Decree by the Court;

g.      "EPA" shall mean the United States Environmental Protection Agency and any successor departments or agencies of the United States;

4

h.     "Paragraph" shall mean a portion of this Decree identified by an arabic numeral;

i.     "Parties" shall mean the United States and Defendants;

j.     "Section" shall mean a portion of this Decree identified by a roman numeral;

k.     To "distribute" or "sell" shall mean to distribute, sell, offer for sale, hold for distribution, hold for sale, hold for shipment, ship, deliver for shipment, release for shipment, deliver, offer to deliver, loan, give, or otherwise transfer ownership of; and

l.     "United States" shall mean the United States of America, acting on behalf of EPA.


## V. CIVIL PENALTY

10.     Within thirty (30) days after the date of entry of this Consent Decree by the Court, Defendants shall transfer and disburse to the United States the total sum of $400,000.00 in payment of a civil penalty under this Decree for all the violations of Sections 608 and 609 of the Clean Air Act (as amended), and regulations promulgated pursuant to said sections that were alleged in the Complaint. Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice in accordance with instructions to be provided to Defendants following lodging of the Consent Decree by the Financial Litigation Unit of the U.S. Attorney's Office for the Western District of Missouri. At the time of payment, Defendants shall simultaneously send written notice of payment and a copy of any transmittal documentation (which should reference USAO file number 1999V00428 and DOJ case number 90-5-2-1-06456) to the United States in accordance with Section XII of this Decree (Notices).

5



11.     In the event of late payment of the civil penalty required to be paid under

this Section, Defendants shall pay a stipulated penalty of $1500 per day for each day that the

payment is late.   Late payment of the civil penalty shall be made in accordance with Paragraph 10

above. Stipulated penalties shall, as directed by the United States, be paid by EFT, or by certified

or cashier's check in the amount due payable to the "U.S. Department of Justice," referencing DOJ

No.90-5-2-1-06456 and United States Attorney's Office file number 1999V00428 and delivered to

the Office of the United States Attorney, Western District of Missouri, Charles Evans Whittaker

Courthouse, 400 E. 9th Street, Room 5510, Kansas City, MO 64106.  All transmittal

correspondence shall state that any such payment tendered is for late payment of the civil penalty

or for stipulated penalties for late payment, as applicable, and shall include the identifying

information set forth in Paragraph 10 above.  The United States shall be entitled to collect the costs

(including attorneys fees) incurred in any action necessary to collect any portion of the civil

penalty or any stipulated penalties for late payment of the civil penalty.


## VI. COMPLIANCE REQUIREMENTS

12.     Upon entry of this Consent Decree and thereafter, Defendants shall not sell

or distribute any class I or class II substance at any Sam's Club or otherwise following entry of this

Consent Decree except in the following circumstances:

a.     In the return of existing stocks of class I or class II substances to the

suppliers from which they were obtained;

b.     In the servicing of automobile air conditioning systems by certified

technicians employed by the Defendants; and

6



c.   In the servicing of freezers and other refrigeration equipment located on Defendants' premises by certified technicians.

d.   Following the submission of written notice from the Defendants, or any of them, to the EPA, as provided in Paragraph 37 herein, of the intent of Defendants, or any of them, to resume the sale of the restricted substances and the conditions upon which such sales will be made, EPA shall have a period of thirty (30) days from the date of receipt of such notice within which to object, in writing, to the resumption of such sales. If EPA so objects, the Defendants will refrain from making such sales until EPA has provided its approval in writing to Defendants.

13.   In the event that any Sam's Club or other store owned or operated by Defendants at the present or in the future becomes owned or operated by any corporate affiliate, licensee or franchisee of Defendants, then this decree will remain in effect as to such store.

14.   Defendants shall maintain continuous compliance with all provisions of Sections 608 and 609 of the CAA, 42 U.S.C. § 7671 et seq. and the regulations promulgated thereunder.

## VII. STIPULATED PENALTIES

15.   Defendants shall be jointly and severally liable for payment of stipulated penalties to the United States for violations of this Consent Decree in the amounts set forth in this Section.

16.   Defendants shall pay a stipulated penalty of $1000 for each sale of a class I or class II substance that does not violate any federal law or regulation but violates Paragraph 12 of this Consent Decree. Each such sale shall constitute a separate violation of this Consent Decree

7



for the purpose of calculating stipulated penalties under this paragraph for which a stipulated penalty of $1000 per such sale will apply. This is the sole monetary penalty available to the United States for sales that violate Paragraph 12 of this Consent Decree but do not violate any federal law or regulation. The United States reserves, however, the right to seek appropriate equitable relief with respect to such sales that do not violate federal laws or regulations.

17.     Defendants shall be liable for statutory and regulatory penalties and equitable relief with respect to sales of class I or class II substances that violate federal laws and regulations, including Sections 608 and 609 of the CAA, 42 U.S.C. § 7671 et seq. and the regulations promulgated thereunder. With respect to such violations, no stipulated penalty shall apply but the United States may seek statutory monetary penalties and equitable relief in this action and this Court shall retain jurisdiction to award such penalties and equitable relief.

18.     The United States shall make a demand for stipulated penalties accruing for violations under this Consent Decree, and such stipulated penalties shall be payable in accordance with the following Paragraphs.

19.     All stipulated penalties shall begin to accrue on the day after the performance is due or on the day a violation occurs, whichever is applicable, and shall continue to accrue until performance is satisfactorily completed or until the violation ceases. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

20.     Penalties shall continue to accrue as provided in accordance with Paragraphs 18 and 26 during any dispute resolution, with interest on accrued penalties payable and calculated at the rate established by the Secretary of the Treasury, pursuant to 28 U.S.C. § 1961, but need not be paid until the dispute is resolved by agreement or, if the dispute is appealed to the Court and the United States prevailed, within sixty (60) days of receipt of the Court's decision or order. If the

District Court's decision is appealed by any Party and the United States prevails in the appeal in whole or part, Defendants shall, within fifteen (15) days of receipt of the final appellate court decision, pay all accrued penalties determined to be owing to the United States, together with accrued interest.

21.     Except as provided by Paragraph 19 above, all stipulated penalties must be paid within thirty (30) days of the date payable. Stipulated penalties owing to the United States shall, as directed by the United States, be paid by EFT or by certified or cashier's check in the amount due payable to the "U.S. Department of Justice," referencing DOJ No. 90-5-2-1-06456 and United States Attorney's Office file number 1999V00428, and delivered to the Office of the United States Attorney, Western District of Missouri, Charles Evans Whittaker Courthouse, 400 E. 9th Street, Room 5510, Kansas City, MO 64106.

22.     Should Defendants fail to pay stipulated penalties in accordance with the terms of this Consent Decree, the United States shall be entitled to collect interest on such penalties, as provided for in 28 U.S.C. § 1961, together with the costs (including attorneys fees) incurred in any action necessary to collect any such stipulated penalties or interest thereon.

## VIII. DISPUTE RESOLUTION

23.     Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree. However, such procedures shall not apply to actions by the United States to enforce obligations of this Consent Decree that Defendants have not disputed in accordance with this Section.

9

24. <u>Informal Dispute Resolution</u>. Any dispute that arises under or with respect to this Consent Decree shall first be the subject of informal negotiations. The period of informal negotiations shall not exceed (thirty) 30 days from the time Defendants send the United States a written Notice of Dispute in accordance with Section XII of this Consent Decree (Notices), unless that period is modified by written agreement. Such Notice of Dispute shall state clearly the matter in dispute.

25. <u>Formal Dispute Resolution</u>.

If the Parties are unable to agree upon any standard, requirement, procedure or other matter that arises under this consent decree, or if a dispute should arise regarding implementation of the requirements of this Decree, any party to this Decree may file a petition with the Court for resolution of the dispute. Such petition must be filed within thirty (30) days after the conclusion of the informal negotiation period described in the preceding paragraph. The Petition shall set forth the nature of the dispute and shall include a proposal for its resolution. The non-petitioning party shall have thirty (30) days from the date of receipt of such Petition within which to file a response with an alternative proposal for resolution of the dispute.

26. The invocation of dispute resolution procedures under this Section shall not extend, postpone, or affect in any way any obligation of Defendants under this Consent Decree, not directly in dispute, unless the United States or the Court agrees otherwise. Stipulated penalties with respect to the disputed matter shall continue to accrue from the first day of noncompliance, but payment shall be stayed pending resolution of the dispute as provided in Paragraph 25 above. In the event that Defendants do not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section VII (Stipulated Penalties).

10



## IX. INFORMATION COLLECTION AND RETENTION

27.     The United States and its representatives, including attorneys, agents, contractors, and consultants, shall have the right of entry to any facility covered by this Consent Decree, at all reasonable times to assess Defendants' compliance with this Consent Decree.

This Consent Decree in no way prohibits or limits the United States and its authorized representatives, from performing or employing any standard investigative procedures and techniques, at any facility covered by this Consent Decree, pursuant to applicable federal or state laws, regulations, or permits.

28.     This Consent Decree in no way limits or affects any right of entry and inspection, or any right to obtain information held by the United States pursuant to applicable federal or state laws, regulations, or permits.

## XI. EFFECT OF SETTLEMENT AND RESERVATION OF RIGHTS

29.     This Consent Decree resolves the civil claims of the United States based on the factual allegations alleged in the Complaint filed in this action regarding Defendants' sales of class I and class II substances at various Sam's Clubs. Subject to the performance of the requirements of this Consent Decree by the Defendants, the United States hereby releases and covenants not to sue Defendants for any and all civil liability to the United States for any sale of class I or class II substances in violation of Sections 608 or 609 of the Clean Air Act at the Sam's Clubs listed in the Complaint at any time before the filing of the Complaint and also releases and covenants not to sue Defendants for any and all civil liability to the United States for any other sale

11



of class I or class I substances in violation of Sections 608 or 609 of the Clean Air Act at any other Sam's Clubs that occurred at any time before the filing of the Complaint.

30. The United States reserves the right to pursue any other claims against the Defendants including but not limited to:

a. claims against any entity other than Defendants;

b. claims based on violations of Section 608 or 609 of the Clean Air Act other than the illegal sale or distribution of class I or class II substances;

c. claims based on the sale or distribution of class I or class II substances occurring after the filing of the Complaint;

d. criminal claims for any violations of the CAA at any time or location; and

e. claims to enforce the provisions of this Consent Decree.

31. This Consent Decree shall not be construed to prevent or limit the rights of the United States to obtain penalties or injunctive relief under the CAA or under other federal or state laws, regulations, or permit conditions, except as expressly specified herein.

32. Defendants' compliance with this Consent Decree shall be no defense to any action commenced pursuant to any laws, regulations, or permits.

33. This Consent Decree does not limit or affect the rights of the Parties against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against the Parties, except as otherwise provided by law.

34. This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

12



35.     This Consent Decree does not limit any defenses that the Defendants, or

any of them, may have to any actions against them by the United States or third parties except as is

provided by Section II above (Jurisdiction and Venue) or in an action brought by the United States

to enforce this Consent Decree.

36.     The United States reserves any and all legal and equitable remedies

available to enforce the provisions of this Consent Decree, except as expressly stated herein.


## XII. NOTICES

37.     Unless otherwise specified herein, whenever notifications, submissions, or

communications are required by this Consent Decree, they shall be made in writing and addressed

as follows:

To the United States:
Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Re: DOJ No.90-5-2-1-06456

To EPA:
William A. Spratlin,
Director, Air, RCRA, and Toxics
Division, EPA, Region VII,
901 North 5th Street,
Kansas City, Kansas 66101


To the Defendants:
Richard H. Mays, Esq.
Richard H. Mays Environmental Legal Services
Cantrell Valley Plaza – Suite 200
2725 Cantrell Road
Little Rock, AR 72202

and

13



Nelson Jackson, Esq.
Legal Department
Wal-Mart Stores, Inc.
708 S.W. 8th Street
Bentonville, AR 72716

38.     Notices submitted pursuant to this Section shall be deemed effective upon

mailing, unless otherwise provided in this Consent Decree or by mutual agreement of the Parties in

writing.

## XIII.  RETENTION OF JURISDICTION

39.     The Court shall retain jurisdiction of this case for the purpose of enabling

any of the Parties to apply to the Court for such further order, direction, or relief as may be

necessary or appropriate for the construction or modification of this Consent Decree, or to

effectuate or enforce compliance with its terms, or to resolve disputes in accordance with Section

VIII of this Decree (Dispute Resolution).

## XIV.  MODIFICATION

40.     The terms of this Consent Decree may be modified only by a subsequent

written agreement signed by all the Parties.  Where the modification constitutes a material change

to any term of this Decree, it shall be effective only upon approval by the Court.

## XV.  PUBLIC PARTICIPATION

41.     This Consent Decree shall be lodged with the Court for a period of not less

14



than thirty (30) days for public notice and comment in accordance with 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations indicating that the Consent Decree is inappropriate, improper, or inadequate. Defendants consent to entry of this Consent Decree without further notice.

## XVI. SIGNATORIES/SERVICE

42. Each undersigned representative of Defendants and the United States certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.

43. This Consent Decree may be signed in counterparts, and such counterpart signature pages shall be given full force and effect.

44. Defendants hereby agree not to oppose entry of this Consent Decree by the Court or to challenge any provision of the Decree, unless the United States has notified Defendants in writing that it no longer supports entry of the Decree.

45. Defendants hereby agree to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons.

## XVII. TERMINATION

46. This decree may be terminated after Defendants have continuously complied

15

with all provisions herein for a period of three (3) years, including payment of any applicable penalties. After the Defendants have continuously complied with this consent decree for three years, they may request that the United States agree to termination of the Decree. The United States shall have thirty (30) days to respond to the Defendants' request. In the event that the United States does not agree that Defendants have continuously complied with all provisions of this consent decree for three years, Defendants may invoke the Dispute Resolution provisions of Section VIII with respect to this issue. In the event that the United States agrees that Defendants have continuously complied with the provisions of this decree for three years, the United States or Defendants may move the Court for termination of this consent decree.

## XVIII. FINAL JUDGMENT

46. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between the United States and Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

Dated and entered this 24th day of March, 2004

_____
UNITED STATES DISTRICT JUDGE
Western District of Missouri

16



FOR PLAINTIFF UNITED STATES OF AMERICA:


TODD P. GRAVES
United States Attorney
Western District of Missouri

By Charles M. Thomas, Mo. #28522
Assistant United States Attorney
Western District of Missouri
Charles Evans Whittaker Courthouse
400 East 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122


Catherine McCabe
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044


ELIZABETH L. LOEB
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044

17

United States v. Wal-Mart, et al.

FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY:

PHYLLIS P. HARRIS
Deputy Assistant Administrator
Office of Enforcement and Compliance Assurance
United States Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460

JANE M. KENNY
Regional Administrator
United States Environmental Protection Agency
Region 2
290 Broadway
New York, NY 10007

DAVID P. STONE
Office of Regional Counsel
United States Environmental Protection Agency
Region 2
290 Broadway
New York, NY 10007

17b

*James W. Newsome*

*acting for*

DONALD S. WELSH
Regional Administrator
Region III
United States Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19103

WILLIAM C. EARLY
Regional Counsel
Region III
United States Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19103

17c



J.I. PALMER, JR.
Regional Administrator
Region IV
United States Environmental Protection Agency
61 Forsyth Street S.W.
Atlanta, GA 30303

LEIF PALMER
Associate Regional Counsel
Region IV
United States Environmental Protection Agency
61 Forsyth Street S.W.
Atlanta, GA 30303

17d

THOMAS V. SKINNER
Regional Administrator
Region 5
United States Environmental Protection Agency
77 W Jackson Boulevard
Chicago, IL 60604

JOANNA GLOWACKI
Associate Regional Counsel
Office of Regional Counsel
Region 5
United States Environmental Protection Agency
77 W Jackson Boulevard (C-14J)
Chicago, IL 60604

JAMES B. GULLIFORD
Regional Administrator
Region VII
United States Environmental Protection Agency
901 N. 5th Street
Kansas City, KS 66101


MARTHA R. STEINCAMP
Regional Counsel
HENRY F. ROMPAGE
Assistant Regional Counsel
Region VII
United States Environmental Protection Agency
901 N. 5th Street
Kansas City, KS 66101

17f